**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:    (415) 651-9700
*Attorney for Plaintiff*,
Jose Miguel Lopez II

## UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

| **JOSE MIGUEL LOPEZ II** | **Case No.:** ___ '17 CV0607 BAS WVG ___ |
|---|---|
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **FINANCIAL CREDIT SERVICE, INC. D/B/A ARA, INC. D/B/A ASSET RECOVERY ASSOCIATES;** | |
| Defendant | |

*///*

*///*

*///*

*///*

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

COMPLAINT CASE NO. _____

## INTRODUCTION

1. This is a case about a financially responsible U.S. military servicemember who was illegally threatened, intimidated, harassed, and coerced in an attempt to make him pay money that he didn't owe. The debt collector made illegal phone calls, lied about the legal status of the debt, and took and used his credit report and personal information without legal authority all in order to try to scare him into paying the collector some money – money that he told them he never even owed.

2. **JOSE MIGUEL LOPEZ II** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **FINANCIAL CREDIT SERVICE, INC. D/B/A ARA, INC. D/B/A ASSET RECOVERY ASSOCIATES** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA"), and the common law torts of negligence and invasion of privacy, all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

which Plaintiff alleges on personal knowledge.

4.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.   All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6.   Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

7.   According to 15 U.S.C. § 1692:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

8.   The California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

9.   The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by the use of the information collected about them and others.

10.   Congress designed the FCRA to preserve consumers' rights to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

11.   Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor

---

[1] Cal. Civil Code § 1788.1(a)(1).

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

in the underwriting of credit transactions involving the consumer.

12. Congress has chosen to protect the consumer's right to privacy by prohibiting the release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

13. 15 U.S.C. § 1681b(f), in turn, provides that "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

14. The permissible purposes listed in 15 U.S.C. § 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

## JURISDICTION AND VENUE

15. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States , and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

16. This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., (hereinafter "FCRA"), the Rosenthal Fair Debt

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and tortious acts of negligence and invasion of privacy.

17. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## PARTIES

18. Plaintiff is a natural person who resides in the County of San Diego, State of California. Plaintiff is a a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by 15 U.S.C. § 1681a(c), "Debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendant Financial Credit Service, Inc. d/b/a ARA, Inc. d/b/a Asset Recovery Associates (hereinafter "Defendant Financial Credit") is a Illinois corporation operating from an address of 1919 S. Highland Ave., STE 225A, Lombard, IL 60148, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b). Defendant does business as "ARA, Inc." and "Asset Recovery Associates."

20. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

21. Defendant is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences.

22. Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1).

## FACTUAL ALLEGATIONS

23. Plaintiff is an individual residing in the County of San Diego in the State of California.

24. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

25. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts.

26. On or about January 12, 2017, Plaintiff, an active duty servicemember in the U.S. Marine Corps, received an unsolicited telephone call on his cell phone (number ending in -7972) from Defendant who stated that they were looking for "Miguel Lopez". During this conversation, Plaintiff informed Defendant that he was "Joe Lopez" and not the person that Defendant was looking for.

27. On or about February 13, 2017, Plaintiff received a voicemail on his cell phone

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

from Defendant addressing him as "Miguel", identifying the caller as "Josh Trevor," leaving a telephone number of (888) 686-9475 extension 3039 and a "case number" of 3098433 with an admonition to "call as soon as possible." No further disclosure of Defendant's identity or Defendant's identity as a debt collector was contained in this voicemail.

28. Shortly after receiving the voicemail, Plaintiff dialed the number from his office phone that was left by "Josh Trevor." During this call, Plaintiff provided the "case number" given to him by Defendants and was told words to the effect of "you've got to talk to the legal division," whereupon Plaintiff was transferred to an operator who identified himself as "William Brice."

29. "William Brice" told Plaintiff that he represented ARA and that he was collecting a consumer debt that Plaintiff allegedly originally owed to First USA Bank in the amount of approximately $12,000 and intimated that Defendant would settle for an immediate $3500 payment from Plaintiff.

30. Based on the information about the original creditor, Plaintiff became convinced that he did not, in fact, owe the debt because he had never had any business relationship with First USA Bank. Plaintiff told "William Brice" words to that effect, whereupon "William Brice" told Plaintiff words to the effect of "there is a petition for judgment filed against you in federal court," and "we're not collectors, we're an acquisition firm," and "it's not on your credit report because it's a settlement that's been placed into court records." "William Brice" then

threatened Plaintiff with a lien on Plaintiff's property if he didn't pay the money demanded.

31. Unprompted, "William Brice" told Plaintiff what Plaintiff's correct Social Security Number was, and then told Plaintiff words to the effect of "I'm looking at your credit report right here in front of me." "William Brice proceeded to prove to Plaintiff that he had accessed Plaintiff's credit report by telling Plaintiff, among other things, the correct addresses at which Plaintiff had previously lived, the serial number of Plaintiff's driver's license, Plaintiff's correct date of birth, and the correct current balance on one of Plaintiff's revolving charge accounts.

32. At no time did Plaintiff give Defendant authorization to use or obtain his consumer credit report.

33. The telephone conversation between Plaintiff and Defendant became heated and was overheard by Plaintiff's co-workers and subordinates.

34. Plaintiff has never had a business relationship with Defendant, with ARA, or with First USA Bank. Plaintiff has never provided his cell phone number or consent to dial his cell phone number to any of the foregoing entities.

35. Because Plaintiff's father is similarly named, this communication from Defendant caused Plaintiff to initiate a conversation with his father about the debt that ultimately turned angry and humiliating.

## ACTUAL DAMAGES

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

36. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692D OF THE FDCPA

37. A debt collector violates § 1692d of the FDCPA when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant violated § 1692d when it, among other qualifying actions and omissions, willfully annoyed, abused, harassed Plaintiff, and placed telephone calls to Plaintiff without meaningful disclosure of Defendants' identity.

### COUNT II

### VIOLATION OF § 1692E OF THE FDCPA

40. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80584
SAN FRANCISCO, CA 94104

collection of any debt.

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendant violated § 1692e when it, among other qualifying actions and omissions, willfully misrepresented the legal status of the debt, to wit: that it was a legal matter pending before a court and a settlement that had been filed with a court, threatened Plaintiff with actions that Defendant could not legally be taken, to wit: legal action and a lien on property, used deceptive means to attempt to collect a debt, to wit: gaining unauthorized access to Plaintiff's credit report and personal information, and used a business name, ARA, other than the true name of its company.

## COUNT III

## VIOLATION OF § 1692F OF THE FDCPA

43. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendant violated § 1692f when it, among other qualifying actions and omissions, willfully and without justification, threatened to take a nonjudicial action to effect a lien on Plaintiff's property.

## COUNT IV

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

### VIOLATION OF § 1692G OF THE FDCPA

46. A debt collector violates § 1692g of the FDCPA when it fails, within five days after the initial communication with a consumer, to send certain notice to the consumer.

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Defendant violated § 1692g when it, among other qualifying actions and omissions, willfully and without justification, failed within five days of initially contacting Plaintiff to send him the notices required by § 1692g(a).

### COUNT V

### VIOLATION OF § 1788.10(E) OF THE RFDCPA

49. A defendant violates § 1788.10(e) of the RFDCPA when it threatens that nonpayment of the debt may result in the attachment of any property or wages unless such action is permitted by law.

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Defendant violated § 1788.10(e) of the RFDCPA when they willfully threatened to take action to effect a lien on Plaintiff's property when such action was either not, in fact, contemplated by Defendant or not permitted by law.

### COUNT VI

### VIOLATION OF § 1788.11(B) OF THE RFDCPA

52. A defendant violates § 1788.11(b) of the RFDCPA when it places telephone calls without disclosure of the caller's identity.

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Defendant violated § 1788.11(b) of the RFDCPA when, on at least two occasions, it willfully placed telephone calls to Plaintiff without meaningful disclosure of Defendant's identity.

## COUNT VII

### VIOLATION OF § 1788.13(A) OF THE RFDCPA

55. A defendant violates § 1788.13(a) of the RFDCPA when it makes any communication with an alleged debtor other than in the name either of the debt collector or the person on whose behalf the debt collector is acting.

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. Defendant violated § 1788.13(a) of the RFDCPA when it willfully communicated to Plaintiff using a business name, ARA, other than the true name of its company.

## COUNT VIII

### VIOLATION OF § 1788.13(J) OF THE RFDCPA

58. A defendant violates § 1788.13(j) of the RFDCPA when it falsely represents that a legal proceeding has been, is about to be, or will be instituted unless

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

payment is made.

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Defendant violated § 1788.13(j) of the RFDCPA when it willfully and falsely represented to Plaintiff that the amount owed by him was pursuant to a legal matter pending before a court or a settlement that had been filed with a court, and further implied that legal proceedings might be instituted in order to effect a lien on Plaintiff's property.

## COUNT IX

### VIOLATION OF § 1788.17 OF THE RFDCPA

61. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692d, § 1692e, § 1692f, and § 1692g.

## COUNT X

### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681-1692X

64. 15 U.S.C. § 1681b(f) states that "[a] person shall not use or obtain a consumer

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Defendant violated the FCRA when it willfully used and obtained Plaintiff's consumer report without authorization under the FCRA.

## COUNT XI

### NEGLIGENCE

67. A defendant is liable for the tort of negligence when it fails to use reasonable care to prevent harm to others, and when the defendant's actions or failure to act is a substantial factor in causing harm to the plaintiff.

68. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69. Defendant violated at least one of its general duties of care to Plaintiff when it, inter-alia, willingly harassed, threatened, lied to, and attempted to intimidate Plaintiff into paying them money that he did not owe.

70. As a direct result of Defendants' lack of due care, Plaintiff suffered actual damages in an amount to be proven at trial.

## COUNT XII

### INVASION OF PRIVACY

71. A defendant is liable for the tort of invasion of privacy when it intentionally

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

intrudes upon a plaintiff's reasonable expectation of privacy in a way that is highly offensive to a reasonable person, and, as a result that intrusion is a substantial factor in causing harm to the plaintiff.

72. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73. Plaintiff had a reasonable expectation of privacy both in his cellphone and in his consumer credit report. Defendant intentionally intruded on both of those in a highly offensive manner with the motive and goal to coerce Plaintiff into paying it money that he did not owe them.

74. Defendant's conduct was a substantial factor in causing Plaintiff actual harm in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of compensatory damages for losses, in an amount to be determined at trial, pursuant to the common law of torts against Defendant and for Plaintiff, and,

b) Award for interest on the amount of losses incurred at the prevailing legal rate against Defendant and for Plaintiff, and,

c) Award for pre-judgment interest against Defendant and for Plaintiff, and,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

d)  Award of exemplary and punitive damages, in an amount to be determined at trial, pursuant to California Civil Code § 3924 against Defendant and for Plaintiff, and,

e)  Award of punitive damages, in an amount to be determined at trial, pursuant to 15 U.S.C. Code § 1681n(a)(2) for each incident of willful noncompliance with the FCRA against Defendant and for Plaintiff, and,

f)  Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), and pursuant to 15 U.S.C. § 1681o(a)(1) (FCRA), against Defendant and for Plaintiff, and,

g)  Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

h)  Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

i)  Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), and pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) (FCRA) against Defendant and for Plaintiff, and,

1    j)  Award to Plaintiff of such other and further relief as may be just and

2       proper.

4          **TRIAL BY JURY IS DEMANDED.**

6    75.  Pursuant to the seventh amendment to the Constitution of the United States of

7       America, Plaintiff is entitled to, and demands, a trial by jury.

10                    **THE CARDOZA LAW CORPORATION**

11   DATED: 3/27/2017          BY: /s/ MICHAEL F. CARDOZA
                                  MICHAEL F. CARDOZA, ESQ.
12                                (SBN: 194065)
13                                MIKE.CARDOZA@CARDOZALAWCORP.COM
                                  548 MARKET ST. #80594
14                                SAN FRANCISCO, CA 94104
15                                TELEPHONE: (415) 488-8041
                                  FACSIMILE:   (415) 651-9700
16

17                                ATTORNEY FOR PLAINTIFF,
                                  JOSE MIGUEL LOPEZ II
18

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104